IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **GERALD MELTON**, *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | CIVIL ACTION 20-0463-WS-M |
| ) | |
| **TRANSAMERICA LIFE INSURANCE** ) | |
| **COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

This matter comes before the Court on plaintiffs' "Motion to Remand and Stipulation of Amount in Controversy" (doc. 3). The Motion has been briefed and is now ripe.

Plaintiffs, Gerald and Anna Melton, initially brought this action in the Circuit Court of Monroe County, Alabama, against Transamerica Life Insurance Company and a slew of fictitious defendants. The Complaint alleges that Ms. Melton purchased a Transamerica variable annuity contract based on a promise from defendant's writing agent guaranteeing a 5% return on her investment. According to plaintiffs, the annuity has not earned the guaranteed rate of return, and Transamerica has refused to honor its writing agent's promise at the time of purchase. On that basis, the Meltons assert state-law claims against Transamerica for breach of contract, fraud and wantonness. In each count, plaintiffs state that they seek an award of "punitive damages, costs, attorney fees, and any further relief as this Court may deem just, proper and equitable." (Doc. 1-1, PageID.12-13.) Notably, in Paragraph 1 of the Complaint, the Meltons plead as follows: "The matter in controversy, inclusive of attorney fees and costs[,] does not exceed SEVENTY-FIVE-THOUSAND DOLLARS ($75,000.00)." (Doc. 1-1, ¶ 1.)

On September 18, 2020, Transamerica filed a Notice of Removal (doc. 1) removing this action to this District Court. To establish federal subject matter jurisdiction, Transamerica invoked the diversity provisions of 28 U.S.C. § 1332. Under § 1332, federal courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See*

*Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) ("For federal diversity jurisdiction to attach, all parties must be completely diverse … and the amount in controversy must exceed $75,000.") (citations omitted).  "In light of the federalism and separation of powers concerns implicated by diversity jurisdiction, federal courts are obligated to strictly construe the statutory grant of diversity jurisdiction … [and] to scrupulously confine their own jurisdiction to the precise limits which the statute has defined."  *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000) (citations omitted).

Transamerica has made a showing that complete diversity of citizenship exists, so as to satisfy that element of § 1332 jurisdiction.  Indeed, defendant demonstrates that the Meltons are citizens of Alabama, Transamerica is an Iowa corporation with its principal place of business in Iowa, and fictitious defendants' citizenship is irrelevant for diversity purposes.  The thornier issue – and the issue animating plaintiffs' Motion to Remand – relates to amount in controversy.  As the removing party, Transamerica bears the burden of showing by a preponderance of the evidence that the $75,000 amount-in-controversy threshold is satisfied.  *See Dudley v. Eli Lilly and Co.*, 778 F.3d 909, 913 (11th Cir. 2014) ("We have repeatedly held that the removing party bears the burden of proof to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.").  That said, a removing defendant is "not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it."  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).  Rather, Transamerica may meet its burden by showing either that it is "facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum," or that there is "additional evidence demonstrating that removal is proper."  *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citations omitted).

In its Notice of Removal, Transamerica elects the latter method.  Specifically, Transamerica submits the Declaration of Sara Williams to show the policy value of Ms. Melton's annuity at the time of purchase and at the time of surrender some seven years later. (Doc. 1, Exh. C.)  Calculating the 5% "guaranteed" annual rate of return that lies at the heart of this litigation for that seven-year period, Transamerica estimates that the compensatory damages sought by the Meltons "equate[] to approximately $31,445." (Doc. 1, ¶ 13.)  Transamerica also observes that the Meltons seek an award of punitive damages, and that pursuant to Alabama

Code §§ 6-11-20(a) and 6-11-21(a), the Meltons may recover punitive damages of up to the greater of three times the compensatory damages awarded or $500,000. (*Id.*, ¶ 17.)

The rub, of course, is the Meltons' express statement in paragraph 1 of their Complaint that the amount in controversy, including attorney's fees and costs, does not exceed the sum or value of $75,000. Transamerica's position in its Notice of Removal is that plaintiffs' clear statement in their initial pleading that the amount in controversy is below the § 1332 threshold "is insufficient to defeat the jurisdiction of this court" because "they do not expressly disclaim or disavow damages in excess of $75,000, nor do they state they will not seek an award of more than $75,000." (Doc. 1, ¶ 14.) The lone authority cited by defendant for this proposition is *Smith v. State Farm Fire and Cas. Co.*, 868 F. Supp.2d 1333 (N.D. Ala. 2012), in which the district judge opined in conclusory fashion that "plaintiffs, who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, … must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will never accept more." *Id.* at 1335. The undersigned has repeatedly deemed *Smith* unpersuasive and once again reaches that conclusion today for the following reasons:

> "*Smith* constitutes a distinctly minority view in this Circuit. Indeed, another judge in the Northern District of Alabama summarily sidestepped *Smith* as 'not binding or persuasive authority.' *Bennett v. Williams*, 2017 WL 3781187, *2 (N.D. Ala. Aug. 31, 2017). This Court declines to follow the *Smith* line of cases. It is well-settled that a removing defendant bears the burden of proving jurisdiction (including amount in controversy) by a preponderance of the evidence when the court questions the defendant's allegation about amount in controversy. It is also well-settled that a plaintiff's refusal to stipulate to amount in controversy (or its denial of requests for admission as to amount in controversy), without more, does not satisfy that burden because there are several reasons why a plaintiff would not so stipulate."

*Dunlap v. Cockrell*, 336 F. Supp.3d 1364, 1368 (S.D. Ala. 2018) (Steele, J.); *see also Blount v. Coe Mfg. Co.*, 2020 WL 1866190, *2 (S.D. Ala. Apr. 14, 2020) (Steele, J.) (explaining that the *Smith* line of cases has "routinely been criticized and rejected, … including by this Court") (citations and internal quotation marks omitted).[1]

---

[1] Alternatively, Transamerica argues that it is facially apparent from the Complaint that the amount in controversy exceeds the jurisdictional minimum. In that regard, defendant posits that the Meltons' claim for punitive damages, in and of itself, necessarily suffices to
(Continued)

The foregoing discussion is sufficient to resolve the jurisdictional issue conclusively in favor of remanding this action to the Circuit Court of Monroe County, Alabama. But plaintiffs provide an additional ground for that result, in the form of a "Stipulation of Amount in Controversy" accompanying their Motion to Remand. In particular, plaintiffs "stipulate that they are not seeking, nor will they ever seek, more than Seventy-Five Thousand Dollars ($75,000) from Defendant Transamerica Life Insurance Company in this action," and that "they will not demand or accept an award … in an amount exceeding $75,000." (Doc. 3, PageID.56.) Federal courts routinely allow such post-removal stipulations as to amount in controversy where, as here, they clarify the damages plaintiffs seek.[2] In response, Transamerica decries the Meltons' stipulation as an improper, irrelevant "attempt to *reduce* the amount in controversy post-removal." (Doc. 5, PageID.61.) It is no such thing. Again, the Complaint states in plain language that the amount in controversy does not exceed $75,000. In removing the matter to federal court, defendant suggested this clear statement of the amount in controversy was

---

establish the jurisdictional amount in controversy. (Doc. 1, ¶ 17.) Both Eleventh Circuit precedent and prior decisions from this Court are to the contrary. *See, e.g., Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) ("In this case, it is not facially apparent from Williams' complaint that the amount in controversy exceeds $75,000," even though complaint sought general damages, special damages and punitive damages in unspecified amounts); *Blount*, 2020 WL 1866190, at *2 ("The defendant next proposes that a demand for punitive damages automatically makes it facially apparent from the complaint itself that over $75,000 is in controversy. …. The assertion is flatly incompatible with *Williams*. As the Court noted in its prior order, *Williams* ruled that a demand for both compensatory and punitive damages did not make it facially apparent that more than $75,000 was in controversy."); *Crocker v. Lifesouth Community Blood Centers, Inc.*, 2016 WL 740296, *3 (S.D. Ala. Feb. 23, 2016) (Steele, J.) ("a claim for punitive damages in a negligence / wantonness case does not automatically, necessarily vault the amount in controversy over the § 1332 jurisdictional threshold"); *Lambeth v. Peterbilt Motors Co.*, 2012 WL 1712692, *4 (S.D. Ala. May 15, 2012) (Steele, J.) ("there is nothing talismanic about such a demand [for punitive damages] that would *per se* satisfy the amount-in-controversy requirement and trigger federal subject-matter jurisdiction").

[2] *See, e.g., Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp.2d 1279, 1282 (S.D. Ala. 2009) ("what is prohibited are post-removal changes in the amount in controversy, not post-removal clarifications of the amount that was in controversy at the moment of removal"); *Land Clearing Co. v. Navistar, Inc.*, 2012 WL 206171, *3 (S.D. Ala. Jan. 24, 2012) ("if a plaintiff comes forward after removal and clarifies (as opposed to altering) facts bearing on the amount in controversy, courts in this Circuit routinely accept such evidence in determining whether § 1332 jurisdiction existed at the moment of removal"); *Hartinger v. 21st Century Centennial Ins. Co.*, 2014 WL 12629756, *3 n.2 (M.D. Fla. Jan. 3, 2014) (collecting cases).

ambiguous because it left wiggle room as to whether plaintiffs might perhaps accept an award greater than $75,000.  In their Motion to Remand, plaintiffs have now clarified and resolved any latent ambiguity in the jurisdictional allegations of the Complaint by expressly stipulating that they are not seeking and will not accept more than $75,000.  Far from reducing the amount in controversy post-removal, the Meltons' stipulation simply clarifies what they meant when they pleaded in Paragraph 1 of their Complaint that "[t]he matter in controversy … does not exceed SEVENTY-FIVE-THOUSAND DOLLARS ($75,000)."  Defendant's efforts to characterize the stipulation as an after-the-fact reduction in the amount in controversy, as opposed to a clarification of the well-pleaded allegations of the Complaint as to amount in controversy, are unavailing.

For all of the foregoing reasons, the Court readily concludes that defendant has failed to meet its burden of showing the existence of federal removal jurisdiction.  In particular, defendant has not established by a preponderance of the evidence that, at the time of removal, the amount in controversy satisfies the $75,000 threshold required for diversity jurisdiction to attach pursuant to 28 U.S.C. § 1332.  Accordingly, this case was improvidently removed, and federal jurisdiction is lacking.  Plaintiffs' Motion to Remand (doc. 3) is **granted**, and this action is **remanded** to the Circuit Court of Monroe County, Alabama for further proceedings.

DONE and ORDERED this 29th day of October, 2020.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE